T.C. Summary Opinion 2001-187

UNITED STATES TAX COURT

RONALD AND NANCY SWEET, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

RONALD T. SWEET, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 4479-00S, 4480-00S.     Filed December 21, 2001.

<u>Charles A. Borek</u> and Robb Longman (specially recognized),
for petitioners.

<u>Chang Ted Li</u>, for respondent.

GOLDBERG, <u>Special Trial Judge</u>:  These consolidated cases
were heard pursuant to the provisions of section 7463 of the
Internal Revenue Code in effect at the time each petition was
filed.  The decisions to be entered are not reviewable by any
other court, and this opinion should not be cited as authority.
Unless otherwise indicated, subsequent section references are to

the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

In separate notices of deficiency, respondent determined that petitioners are liable for the following deficiencies in Federal income taxes, additions to tax, and penalty:

Docket No. 4479-00S                    Ronald and Nancy Sweet

| | | Additions to Tax | | Penalty |
| Year | Deficiency | Sec. 6651(a) | Sec. 6653(a) | Sec. 6662(a) |
|---|---|---|---|---|
| 1988 | $1,137 | $284 | $89 | -- |
| 1989 | 6,635 | 1,829 | -- | -- |
| 1993 | 1,587 | -- | -- | $317 |

Docket No. 4480-00S                    Ronald T. Sweet

| | | Addition to Tax |
| Year | Deficiency | Sec. 6651(a) |
|---|---|---|
| 1990 | $17,986 | $4,497 |
| 1991 | 10,472 | 2,618 |
| 1992 | 12,722 | 3,181 |

After concessions by respondent,[1] the issues for decision are: (1) Whether petitioners are entitled to deduct certain Schedule C expenses;[2] (2) whether petitioners are liable for

_____

[1]     Respondent concedes for the tax year 1993, that petitioners in docket No. 4479-00S have substantiated Schedule C, Profit or Loss From Business, cost of goods sold of $1,640, and repairs expense deduction of $2,994, and are not liable for the accuracy-related penalty under sec. 6662(a).

[2]     Petitioners reported as cost of goods sold for tax years 1989, 1990, 1991, and 1993, amounts purportedly paid to various subcontractors or workers. For purposes of this opinion,
(continued...)

additions to tax for failure to timely file returns under section 6651(a) for tax years 1988 to 1992; and (3) whether petitioners are liable for an addition to tax for negligence under section 6653(a)(1) for tax year 1988. Adjustments to self-employment income taxes and the deductions therefor, and the earned income credits are computational and will be resolved by the Court's holding on the issues in these cases.

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time the respective petitions were filed, petitioners resided in Baltimore, Maryland. Petitioners Ronald and Nancy Sweet are husband and wife. References to petitioner in the singular are to Ronald T. Sweet.

From 1988 through 1993, petitioner was a window installation contractor and a tax return preparer. Petitioner installed windows for Washington Energy Corporation (Washington Energy) as an independent contractor. Upon acceptance of a contract or "job" from Washington Energy, petitioner would employ other workers, if necessary.

Petitioners testified that it was a common practice in the window installation business for a contractor receiving a payment

---

[2](...continued)
we treat these items of cost of goods sold as additional labor expenses. Infra.

in the form of a business check upon the completion of the job to cash such payment and divide the cash among the workers. Petitioner testified that it would be impossible for him to complete some of the jobs by himself due to the deadlines and the diverse locations of the jobs, thereby requiring him to engage the services of other installers.

Petitioner kept "several books" with information of various payments made to workers. However, he admitted that upon reviewing the books he could not "make sense of them ... they're kind of sporadic". The books were not brought to trial and are not a part of the record.

Petitioners filed joint Federal income tax returns for tax years 1988, 1989, and 1993. The joint returns for tax years 1988 and 1989 were signed by petitioners on March 1, 1997, and stamped received by the Cincinnati Service Center on June 17, 1997. The 1993 joint return was timely filed.

Petitioner filed separate Federal income tax returns for tax years 1990, 1991, and 1992. These returns were signed on March 1, 1997, and stamped received by the Cincinnati Service Center on June 17, 1997.

Respondent disallowed the following Schedule C deductions and cost of goods sold:

| 1988 | $1,500 | Schedule C - Construction Expense - paid to Joseph Sweeney |
| 1989 | 20,798 | Schedule C - Cost of Goods Sold - paid to Charles Hoerl |

| 1990 | 50,812 | Schedule C - Cost of Goods Sold - paid to Charles Hoerl ($42,812) and James Eckelt ($8,000)[1] |
| 1991 | 30,837 | Schedule C - Cost of Goods Sold - paid to Charles Hoerl |
| 1991 | 1,500 | Schedule C - Construction Expense - paid to subcontractor Gary Keener |
| 1992 | 40,880 | Schedule C - Cost of Goods Sold -paid to subcontractors |

[1] The parties stipulated that James Eckelt denied receiving $8,000 from petitioner during 1990.

Joseph Sweeney, Charles Hoerl, James Eckelt, and Gary Keener were not called as witnesses and did not testify at trial.

Respondent disallowed deductions and cost of goods sold in the amounts shown above because petitioner failed to maintain adequate records to substantiate the claimed amounts.

Deductions are a matter of legislative grace, and taxpayers bear the burden of proving the entitlement to any deduction claimed. INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). A taxpayer is required to maintain records sufficient to establish the amount of his or her income and deductions. Sec. 6001; sec. 1.6001-1(a), (e), Income Tax Regs.

Section 162(a) allows a taxpayer to deduct all ordinary and necessary business expenses paid or incurred during the taxable year in carrying on any trade or business. To be "necessary" an expense must be "appropriate and helpful" to the taxpayer's business. Welch v. Helvering, 290 U.S. 111, 113 (1933). To be "ordinary" the transaction which gives rise to the expense must

be of a common or frequent occurrence in the type of business involved.  Deputy v. Du Pont, 308 U.S. 488, 495 (1940).  No deduction is allowed for personal, living, or family expenses.  Sec. 262(a).

Generally, if a claimed business expense is deductible, but the taxpayer is unable to substantiate it, the Court is permitted to make as close an approximation as it can, bearing heavily against the taxpayer whose inexactitude is of his or her own making.  Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930).  The estimate must have a reasonable evidentiary basis. Vanicek v. Commissioner, 85 T.C. 731, 743 (1985).

The issue is whether petitioners substantiated the amounts purportedly paid to various subcontractors or workers during the years in issue.

Petitioners ask the Court to find they incurred ordinary and necessary business expenses during the years in issue.  Although they admit they do not have the records to substantiate every dollar spent, they believe their testimony and other evidence sufficiently establish that labor expenses were incurred during the years in issue.  We agree with petitioners that it is plausible that petitioners hired workers to assist in the installation process; however, we have no basis for determining how much was actually paid during the years in issue.  The Cohan rule allows the Court to make as close an approximation as it can

of a claimed business expense.  Cohan v. Commissioner, supra.
The rule also allows the Court to bear heavily against the
taxpayer whose inexactitude is of his or her own making.  At
trial, petitioners failed to provide any corroborating evidence,
besides their self-serving testimony, that payments were made.
The Court has discretion to disregard testimony which we find
self-serving.  Niedringhaus v. Commissioner, 99 T.C. 202, 212
(1992).  Petitioners could not recollect the number of jobs
completed in a particular year, the person or persons hired for a
particular job, or how the amount claimed as a deduction or cost
of goods sold was calculated.  Petitioners did not call as
witnesses any of the purported subcontractors or workers who
rendered services for petitioners during the years in issue.
Under Vanicek v. Commissioner, supra, any estimation of business
expenses incurred by a taxpayer must be based on a reasonable
evidentiary basis.  Petitioners failed to establish any
reasonable evidentiary basis.

Based upon the above, we find that petitioners failed to
substantiate, and therefore are not entitled, to Schedule C
deductions for labor expenses during the years in issue.

Respondent determined additions to tax as a result of
petitioners' failure to timely file their respective tax returns
for tax years 1988 to 1992.  Section 6651(a)(1) imposes an
addition to tax for failure to timely file a tax return.  The

addition to tax is equal to 5 percent of the amount of the tax required to be shown on the return if the failure to file is not for more than 1 month.  Sec. 6651(a)(1).  An additional 5 percent is imposed for each month or fraction thereof in which the failure to file continues, to a maximum of 25 percent of the tax. Id.

The additions are applicable unless petitioners establish that their failure to timely file the returns was due to reasonable cause and not willful neglect.  Id.  If petitioners exercised ordinary business care and prudence and were nonetheless unable to file their returns within the date prescribed by law, then reasonable cause exists.  Sec. 301.6651-1(c)(1), Proced. & Admin. Regs.  "Willful neglect" means a "conscious, intentional failure or reckless indifference." United States v. Boyle, 469 U.S. 241, 245 (1985).

Petitioners' 1988 and 1989 Federal income tax returns were due on April 17, 1989, and April 16, 1990, respectively. Petitioners did not file their returns until June 17, 1997, after the commencement of the audit.

Petitioner's separate 1990, 1991, and 1992 Federal income tax returns were due on April 15, 1991, April 15, 1992, and April 15, 1993, respectively.  These returns were also not filed until June 17, 1997.

Petitioners offered no explanation for their failure to

timely file their respective returns. Petitioners failed to show that they exercised ordinary care and prudence in these cases. Accordingly, petitioners are liable for the additions to tax under section 6651(a)(1) as determined in the notices of deficiency.

Section 6653(a)(1) for taxable year 1988 provides that if any portion of an underpayment of tax is due to negligence or disregard of rules or regulations, an amount equal to 5 percent of the underpayment is added to the tax. Negligence is defined as the failure to exercise the due care that a reasonable and ordinarily prudent person would employ under the circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985). The question is whether a particular taxpayer's actions in connection with the transactions were reasonable in light of his experience and the nature of the investment or business. Henry Schwartz Corp. v. Commissioner, 60 T.C. 728, 740 (1973). Respondent's determinations are presumed correct and petitioners bear the burden of establishing otherwise. Welch v. Helvering, 290 U.S. at 115; Bixby v. Commissioner, 58 T.C. 757, 791-792 (1972).[3]

Petitioners maintain that they prepared Form 1099 for window installation services rendered by Joseph Sweeney in 1988. The record shows that petitioners failed to prepare and file a return

---

[3] We note that sec. 7491 is inapplicable in these cases because petitioners' respective examinations commenced prior to July 22, 1998.

for tax year 1988 until June 17, 1997.  The record also shows that respondent did not receive a copy of Form 1099 prior to the commencement of petitioners' respective audits.  As noted above, we found that petitioners did not substantiate the Schedule C expenses deducted on their 1988 return.  Based on the record, we can find no credible basis for the Schedule C deductions claimed. Petitioner was a tax preparer during the years in issue.  It goes without saying that as a tax preparer petitioner should have understood the substantiation requirements for deductions claimed on their Schedule C.

Because petitioners failed to offer any credible explanation for their lack of due care in preparing and filing their 1988 return, they are liable for an addition to tax under section 6653(a)(1).

We have considered all arguments by the parties, and, to the extent not discussed above, conclude that they are irrelevant or without merit.

Reviewed and adopted as the report of the Small Tax Case Division.

Decisions will be entered under Rule 155 in docket No. 4479-00S and for respondent in docket No. 4480-00S.